MARK A. KLAASSEN
United States Attorney
NICHOLAS VASSALLO (WY Bar #5-2443)
Assistant United States Attorney
United States Attorney's Office
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
nick.vassallo@usdoj.gov

MICHAEL J. ROESSNER (DC Bar# 501875)
Email: Roessnerm@sec.gov
Attorney for Plaintiff
Assistant Chief Litigation Counsel
Division of Enforcement
Securities and Exchange Commission
100 F. Street NE, Mail Stop 5631
Washington, D.C. 20549
Telephone: (202) 551-4347
Facsimile: (703) 813-9366
*Pro Hac Vice Pending*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JUN 19 PM 2 37

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> BRUCE A. HAUPTMAN and GRAND TETON CAPITAL MANAGEMENT, LLC, <br><br> Defendants. | Civil Action No. 19-CV-131-F |

**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION
FOR AN ORDER UNDER SECTION 209(d) OF THE INVESTMENT ADVISERS ACT
OF 1940 AND SECTION 42(d) OF THE INVESTMENT COMPANY ACT OF 1940
ENFORCING COMPLIANCE WITH FINAL COMMISSION ORDER**

The Plaintiff, United States Securities and Exchange Commission ("SEC" or the "Commission") applies to the Court for an order pursuant to Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), to enforce compliance by Defendants Bruce A. Hauptman ("Hauptman") and Grand Teton Capital Management, LLC ("GTCM") (collectively referred to as the "Defendants") with the Order Instituting Administrative and Cease and Desist Proceedings Pursuant to Sections 203(e), 203(f) and 203(k) of the Investment Advisers Act and Section 9(b) of the Investment Company Act, Making Findings, and Imposing Remedial Sanctions and a Cease and desist Order entered on consent against the Defendants on June 29, 2018, entitled *In the Matter of Bruce A. Hauptman and Grand Teton Capital Management, LLC*, Admin. Proc. File No. 3-18559 (June 29, 2018), (the "Consent Order"). A copy of the Consent Order is attached as Exhibit 1 to the Declaration of Michael J. Roessner. The Consent Order directed Hauptman and GTCM to jointly and severally disgorge $121,026.49 and prejudgment interest of $20,413.35, plus outstanding interest pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600, and Hauptman to pay a civil money penalty of $160,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, and injunctive relief within ten (10) days from the date of the Consent Order, and also included injunctive relief.

In support of its Application, the Commission states as follows:

**INTRODUCTION**

1. The Commission seeks by this Application to enforce an order of the Commission which found that Defendants violated Sections 206(1), 206(2) and 207 of the Advisers Act, and Rules 206(4)-8(a)(1) and (a)(2) promulgated thereunder, and directed Defendants jointly and severally disgorge $121,026.49 and prejudgment interest of $20,413.35, plus outstanding interest

pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600, and Hauptman to pay a civil money penalty of $160,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, within ten (10) days from the date of the Consent Order.

2. Defendants have failed, refused, and neglected to comply with the Consent Order in that they have not paid any portion of the Consent Order entered against them.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Bruce A. Hauptman, age 67, is a resident of Wilson, Wyoming.

5. Grand Teton Capital Management, LLC is a Wyoming limited liability company with its principal place of business in Wilson, Wyoming.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under Section 209(d) of the Advisers Act and Section 42(d) of the Investment Company Act.

7. Venue lies in the District of Wyoming under Section 214(a) of the Advisers Act and Section 44 of the Investment Company Act. Defendants are "found" or are "inhabitants" of this District.

## STATEMENT OF RELEVANT FACTS

8. The Consent Order arose from the misuse and misappropriation of private fund assets by Bruce Hauptman and an investment adviser he owned and controlled, GTCM. In 2011, Hauptman solicited at least $625,000 from investors for a fund he managed, Grand Teton Capital Partners, LP (the "Fund"). Hauptman actively managed the Fund through GTCM for approximately one-and-a-half years. In the spring of 2013, after a long period of disappointing

3

performance, Hauptman—without notifying investors—began liquidating the remaining Fund assets (approximately $435,050). Hauptman misappropriated at least $100,000 of Fund assets by transferring money to his wife's personal bank account, and used another approximately $20,000 to pay various personal expenses. Hauptman also misused Fund assets by transferring approximately $313,500 to various private entities (possibly associated with an advance-fee scheme) in contravention of the investments allowed by the Fund's governing documents. In total, by October 2013, Hauptman had withdrawn all Fund assets and transferred the monies either to his wife or to third parties unaffiliated with the Fund. In May, 2015, Hauptman paid $27,541.49 to one investor that had originally invested $25,000 with the Fund. No other portion of the funds has been recovered or repaid to the Fund or its investors.

9. Based on the foregoing, Defendants violated Sections 206(1), 206(2) and 207 of the Advisers Act, and Rules 206(4)-8(a)(1) and (a)(2) promulgated thereunder.

10. As set forth in the Order, entered with Defendants' consent, the Commission imposed certain remedial sanctions and a cease-and-desist order. The Consent Order required Hauptman and GTCM to jointly and severally disgorge $121,026.49 and prejudgment interest of $20,413.35, plus outstanding interest pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600, and Hauptman to pay a civil money penalty of $160,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, and injunctive relief within ten (10) days from the date of the Consent Order, and also included injunctive relief.

11. The Commission also entered the following injunctive relief: ordering Defendants to cease and desist from committing or causing any violations and any future violations of Sections 206(1), 206(2), and (4) and Section 207 of the Advisers Act, and Rules 206(4)-8(a)(1) and (a)(2) promulgated thereunder; and barring Hauptman from association with

4

any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization; and prohibiting Hauptman from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor or, or principal underwriter for, a registered investment company or affiliated person of such investment adviser, or depositor, or principal underwriter; and censuring GTCM.

12. Defendants did not seek review of the Order, and their time to do so has expired.

13. Defendants have not made any payment on the order, which remains due and owning with additional interest.

**ARGUMENT**

14. The Commission brings this proceeding under Section 209(d) of the Advisers Act and Section 42(d) of the Investment Company Act. These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce orders in the district courts.

15. Proceedings under these provisions are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

16. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

17. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Defendants to show cause why this Court should not enter a Judgment enforcing compliance with the Consent Order.

II.

That the Court thereafter enter a Judgment enforcing the Consent Order and requiring:

a. Hauptman and GTCM to jointly and severally disgorge $121,026.49 and prejudgment interest of $20,413.35, plus outstanding interest pursuant to SEC Rule of Practice 600, 17 C.F.R. § 201.600, and Hauptman to pay a civil money penalty of $160,000, plus outstanding interest pursuant to 31 U.S.C. § 3717, and injunctive relief within ten (10) days from the date of the Consent Order; and

b. the Injunctive Relief set forth in the Order.

III.

That the Court order such other relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

IV.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VI.

That the Court order such other and further relief as may be just and proper.

Dated this 19th day of June, 2019

Respectfully submitted,

BY:   /s/MICHAEL J. ROESSNER
MICHAEL J. ROESSNER (DC Bar No. 501875)
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5985
Washington, DC 20549-0022
RoessnerM@SEC.gov
Telephone:   202.551.4347
Facsimile:    703.813.9366
Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission
*Pro Hace Vice* Pending

MARK A. KLAASSEN
United States Attorney

BY:   /s/Nicholas Vassallo
NICHOLAS VASSALLO (WY Bar No. 5-2443)
Assistant United States Attorney
United States Attorney's Office
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone: 307-772-2124
nick.vassallo@usdoj.gov